IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 15-0580 |
| NAKIA ADAMS | |

## MEMORANDUM

**SCHMEHL, J.** *s/s JLS*                              **JUNE 4, 2018**

Luther E. Weaver, III, moves to withdraw as counsel for Defendant Nakia Adams. Mr. Weaver alleges he can no longer represent Mr. Adams because: 1) irreconcilable differences have developed; 2) Mr. Adams broke off communication with Mr. Weaver; 3) a conflict of interest has developed between Mr. Weaver and Mr. Adams; 4) and Mr. Adams is taking independent action by filing *pro se* motions without first consulting Mr. Weaver. (ECF Docket No. 190.) Mr. Adams also moves this Court to remove Mr. Weaver as his counsel. Mr. Adams alleges Mr. Weaver can no longer represent him because of: 1) Mr. Weaver's lack of preparation and negligence in handling the case; 2) Mr. Weaver's failure to raise Mr. Adams' concerns with the court – the Government's introduction of firearms and *Brady* violations; and 3) Mr. Weaver's failure to use information recovered by Mr. Adams' CJA investigator. (ECF Docket No. 194.) For the reasons stated below, this Court will deny both Mr. Weaver's Motion to Withdraw (ECF Docket No. 190) and Mr. Adams' Motion to Remove (ECF Docket No. 194). This Court requires Mr. Weaver remain as counsel until Mr. Adams' sentencing. Mr. Weaver is granted an additional ninety (90) days from the date of this Order to file supplemental briefing to Mr. Adams' Motion for Judgment of Acquittal and New Trial.

**I.     FACTS**

On December 8, 2015, the Government filed a twelve-count Indictment charging Mr. Adams with multiple violations of federal firearms laws. (ECF Docket No. 1.) On February 2, 2016, the Government filed a Superseding Indictment charging Mr. Adams with eight additional violations. (ECF Docket No. 15.) Specifically, the Government charged Mr. Adams with: 1) conspiracy to make false statements to a federal firearms licensees ("FFL") with respect to information required to be kept in the records of the FFL, in violation of 18 U.S.C. § 371 (Count I); 2) making, and aiding and abetting the making of, false statements to an FFL regarding information required to be kept in the records of the FFL, in violation of 18 U.S.C. §§ 924(a)(1)(A) and (2) (Counts II-XII); and 3) unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts XIII-XX). (Id.)

Following the Government's Superseding Indictment, Mr. Adams' first CJA Appointed attorney, Mr. Carlos Martir, Jr., requested a continuance to adequately prepare for trial. (ECF Docket No. 16.) This Court granted the continuance. (ECF Docket No. 17.) Two months later, Mr. Adams moved dismiss Mr. Martir as counsel. (ECF Docket No. 23.) This Court granted Mr. Adams' request to continue *pro se* and removed Mr. Martir as counsel. (ECF Docket No. 32.) On June 9, 2016, this Court appointed Mr. James M. Polyak as Mr. Adams' second CJA Appointed attorney. (ECF Docket No. 34.) Mr. Adams once again moved for dismissal of his second counsel, Mr. Polyak. (ECF Docket No. 49.) Following Mr. Polyak's waiver of removal and a full colloquy on the issue, this Court granted Mr. Adams' request to once again continue *pro se*. (ECF Docket No. 59.) While this Court granted Mr. Polyak's motion to withdraw (ECF Docket No. 54), this Court required Mr. Polyak continue as standby counsel. (ECF Docket No.

63.) On March 13, 2017, this Court once again appointed Mr. Polyak – involved as standby counsel – as Mr. Adams' formal counsel.

On April 28, 2017, this Court granted Mr. Adams' counseled request to bifurcate trial to minimize the risk of prejudice "only as to the issue of Adams' prior conviction relating to the eight (8) counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1)." (ECF Docket No. 91.) This Court then scheduled Mr. Adams' trial for June 12, 2017. (ECF Docket No. 92.) Mr. Adams' trial commenced June 12, 2017. On June 13, 2017, a dispute arose between Mr. Polyak and Mr. Adams. (Trial Tr. 159:17-169:24, June 13, 2017, PM.) As a result of the dispute, Mr. Polyak could no longer represent Mr. Adams and orally moved to immediately withdraw as counsel. (ECF Docket No. 112.) On June 14, 2017, this Court granted Mr. Polyak's motion and declared a mistrial. (ECF Docket No. 113.) Following the mistrial, this Court appointed Mr. Luther Weaver, III, as Mr. Adams' third and final counsel. (Id.) As a result of Mr. Adams' conduct since the filing of the Superseding Indictment, the Government petitioned this Court to colloquy Mr. Adams. (ECF Docket No. 113.) This Court agreed and asked Mr. Adams a series of questions on the record and informed him that Mr. Weaver would be his final attorney. This Court scheduled Mr. Adams' new trial for July 31, 2017. Given the volume of documents and length of case, Mr. Weaver requested a continuance. (ECF Docket No. 117.) This Court granted Mr. Weaver's request and continued Mr. Adams' trial to October 10, 2017. (ECF Docket No. 124.)

On October 10, 2017, Mr. Adams' trial commenced. (ECF Docket No. 153.) The jury found Mr. Adams guilty on all counts. On October 27, 2017, Mr. Adams moved for a new trial and judgment of acquittal under Rule 29 and Rule 33. Sometime between the conclusion of the trial and Mr. Adams' scheduled sentencing, communication between Mr. Weaver and Mr.

3

Adams broke down. On April 12, 2018, Mr. Weaver moved to withdraw from the case citing a number of issues. Following Mr. Weaver's motion, Mr. Adams then moved to remove Mr. Weaver as counsel of record. On May 21, 2018, this Court held oral arguments on both motions to withdraw.

## II. ANALYSIS

The Sixth Amendment guarantees criminal defendants the right to counsel. While the right to counsel is absolute, the Sixth Amendment does not guarantee criminal defendants the right to counsel of *their choice*. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (emphasis added); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."); *see also Jones v. Zimmerman*, 805 F.2d 1125, 1133 (3d Cir. 1986).

Under the Local Criminal Rules for the Eastern District of Pennsylvania, an attorney's representation of a criminal defendant constitutes representation of the defendant "until final disposition of the case" and no withdrawal may occur without leave of Court. E.D. Pa. Local Criminal Rule 44.1. The decision to withdrawal as counsel is within the sound discretion of the trial court and is reviewed for abuse of discretion. *United States v. Fattah*, 159 F. Supp. 3d 545, 548 (E.D. Pa. 2016) (citing *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir. 1986); *see also United States v. Kikumara*, 947 F.2d 72, 78 (3d Cir. 1991).

In resolving a motion to withdraw, the court weighs three factors: 1) the prejudice to the client and other litigants; 2) the harm to the administration of justice; and 3) the delay in the resolution of the matter. *Id*. The court must also account for the interests of the attorney or firm seeking withdrawal and the defendant's speedy trial rights under the Sixth Amendment. *Id.*

(citing *Buschmeier v. G&G Investments, Inc.*, 222 Fed.Appx. 160, 160-61 (3d Cir. 2007). To warrant a substitution or withdrawal of counsel, "the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Dunbar*, 718 F.3d 1268, 1276 (10th Cir. 2013).

As discussed above, the right to counsel of choice must be consistent with "the fair and proper administration of justice." *Dorival v. United States*, 2013 WL 12340563, at *6 (D.V.I. 2013) (citing *Davis v. Stamler*, 650 F.2d 477, 479 (3d Cir. 1981); *see also United States v. Jones*, 662 F.3d 1018, 1024 (8th Cir. 2011) (stating a "defendant's right to choice of counsel must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice"). While our Circuit cautions us to consider other factors such as a defendant's speedy trial rights, this Court need not address this issue since Mr. Adams' trial already concluded. Because both motions to withdraw[1] were filed after trial, there is no harm to Mr. Adams' speedy trial rights. So, this Court will consider the fair and proper administration of justice to determine whether withdrawal or substitution is proper.

Given this Court's general discretion over its trial calendar and the facts surrounding Mr. Adams' representation, a substitution of counsel or withdrawal by Mr. Weaver is not appropriate at this stage. This Court denies Mr. Weaver's request because: 1) Mr. Weaver is familiar with the case; 2) no other counsel with knowledge of the case is available; and 3) appointing new counsel at this stage in the litigation would cause delay and great inconvenience to all parties. Before and during trial, Mr. Weaver competently and zealously represented his client within the bounds of professional standards. At this late stage, Mr. Weaver, having been through the trial,

---

[1] Although Mr. Adams is represented by counsel and may not move this Court *pro se*, this Court will address both Mr. Weaver's and Mr. Adams' motions to withdraw.

5

is the only counsel that could adequately represent Mr. Adams through post-trial motions and sentencing.

Mr. Weaver's arguments – irreconcilable differences and conflict of interest with Mr. Adams – do not provide "good cause" for withdrawal. Although troubling, Mr. Weaver's complaints amount to no more than strategic differences between Mr. Weaver and his client, which can adequately be addressed post-sentencing. While this Court is very familiar with Mr. Adams' history of terminating his counsel, strategic differences and client misconduct – filing *pro se* motions while represented by counsel – do not provide a sufficient basis to grant Mr. Weaver's withdrawal at this time. Appointing new counsel at this stage would be inconsistent with the proper and fair administration of justice. Accordingly, Mr. Weaver is required to continue representing Mr. Adams through sentencing.

### III. CONCLUSION

In the accompanying order, this Court denies both motions to withdraw and requires Mr. Weaver remain as counsel at least until Mr. Adams' sentencing. Mr. Weaver is granted an additional ninety (90) days from the date of this Opinion to file supplemental briefing to Mr. Adams' Motion for Judgment of Acquittal and New Trial.